IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE CITY, FLORIDA

CIVIL DIVISION

CASE NO.

MICHAEL JEROME GAVINS,

    Plaintiff,

vs.

ARYO REZAIE; and
CITY OF SOUTH MIAMI, a municipal corporation;

    Defendants.

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, MICHAEL JEROME GAVINS ("GAVINS"), and sues the Defendants, ARYO REZAIE ("POLICEMAN") and CITY OF SOUTH MIAMI ("CITY"), and alleges:

### GENERAL ALLEGATIONS

1. This action arises from the wrongful shooting of GAVINS by POLICEMAN and otherwise from the use of unjustified, unnecessary and excessive force by the Defendants upon GAVINS on November 15, 2015.

2. The damages sought in this action exceed $15,000, exclusive of interest, costs, and attorney's fees.

3. Venue is proper in Miami-Dade County because the wrongful shooting of GAVINS arose from excessive force or negligence of POLICEMAN occurring in Miami-Dade County.

4. This Court has jurisdiction over the state law claims asserted herein, and it also has concurrent jurisdiction over the federal claims for violations of GAVINS' Civil Rights asserted herein. The Court has both personal jurisdiction over the defendants and subject matter jurisdiction

Page 1 of 9

236 Valencia Avenue, Coral Gables, Florida 33134
Phone 305-445-0011 • Fax 305-445-1181 • Email: info@silvasilva.com
www.silvasilva.com

EXHIBIT "A"

to hear Plaintiff's claims herein.

5. Plaintiff GAVINS sui juris and a resident of Miami-Dade County.

6. Defendant POLICEMAN, ARYO REZAIE, upon information and belief is a resident of Miami-Dade County, Florida, and is *sui juris*. At all times material, Defendant POLICEMAN was an armed police officer employed by the CITY with the South Miami Police Department.

7. Defendant CITY is a municipal corporation and local government located within Miami-Dade County. CITY operates the police force known as the South Miami Police Department. CITY is the municipality and local government entity that employed POLICEMAN and was his employer when the shooting occurred.

8. The CITY has been properly served with the requisite pre-suit notice in compliance with Florida law.

9. All conditions precedent to filing this suit have been satisfied, performed, waived or otherwise satisfied.

10. On or about November 15, 2015, at approximately 5:00 p.m., GAVINS was operating his motor vehicle in the City of South Miami, Florida and he turned northbound onto U.S. 1 (South Dixie Highway) and entered the City of Coral Gables.

11. POLICEMAN followed GAVINS' car out of the City of South Miami jurisdiction and into the City of Coral Gables. Once outside his jurisdiction, POLICEMAN turned on his lights/sirens, initiated and made a traffic stop. GAVINS pulled off the road and into a gas station in compliance.

12. Defendant POLICEMAN stopped his police car behind GAVINS' vehicle, exited the police car and approached GAVINS' car on the driver's side.

13. After asking for information from GAVINS, and GAVINS complying in good faith, POLICEMAN ordered GAVINS to exit his vehicle. GAVINS complied, and he posed absolutely no threat or risk to POLICEMAN or the public at any time.

Page 2 of 9

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: 305-445-0011 • Fax: 305-445-1181 • Email: info@silvasilva.com
www.silvasilva.com

14. GAVINS was unarmed and he informed POLICEMAN of same.

15. POLICEMAN instructed GAVINS to put his hands up, and GAVINS complied.

16. Notwithstanding GAVINS being unarmed, compliant, posing no threat and having his hands up, POLICEMAN fired his gun at GAVINS, striking him in the back in the rear right underarm area.

17. GAVINS has been damaged by POLICEMAN shooting him.

## COUNT I – CLAIM AGAINST POLICEMAN FOR WILLFUL AND WANTON BATTERY

18. Plaintiff re-alleges the General Allegations in paragraphs 1 through 17 and alleges, in the alternative to Count II, the following:

19. Defendant POLICEMAN intentionally, willfully and wantonly with disregard for human life, committed the tort of battery when he used excessive force and shot GAVINS.

20. As a direct and proximate result of said tort, GAVINS suffered damages including bodily injury and resulting pain and suffering, disfigurement, mental anguish, shock and fear of imminent violent death, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, which losses are in whole or in part permanent and continuing in nature and plaintiff will suffer future damages as a result.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant POLICEMAN and award damages plus cost of suit.

## COUNT II – VICARIOUS LIABILITY OF CITY FOR BATTERY BY POLICEMAN THAT WAS NOT WILLFUL AND WANTON

21. Plaintiff re-alleges the General Allegations in paragraphs 1 through 17 and alleges, in the alternative to Count I, the following:

22. Defendant POLICEMAN intentionally, but not willfully and wantonly, committed the tort of battery when he used excessive force and shot GAVINS.

23. When POLICEMAN intentionally, but not willfully and wantonly, used his

Page 3 of 9

236 Valencia Avenue, Coral Gables, Florida 33134
Phone 305-445-0011 • Fax 305-445-1181 • Email: info@silvasilva.com
www.silvasilva.com

firearm, he was acting in the course and scope of employment with the CITY.

24. As a direct and proximate result of said tort, GAVINS suffered damages including bodily injury and resulting pain and suffering, disfigurement, mental anguish, shock and fear of imminent violent death, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, which losses are in whole or in part permanent and continuing in nature and plaintiff will suffer future damages as a result.

25. CITY is vicariously liable for POLICEMAN'S tortious acts committed within the scope of employment and not willfully and wantonly.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against CITY and award damages plus cost of suit.

### COUNT III – VICARIOUS LIABILITY OF CITY FOR POLICEMAN'S NEGLIGENT INVESTIGATION AND PURSUIT

26. Plaintiff re-alleges the General Allegations in paragraphs 1 through 17 and alleges, in the alternative to Counts I & II, as follows:

27. During the investigation and decision-making process that occurred before POLICEMAN shot GAVINS, POLICEMAN was an officer with CITY acting in the course and scope of employment.

28. Before the time when POLICEMAN intentionally shot GAVINS, POLICEMAN's negligence placed GAVINS in unnecessary danger.

29. POLICEMAN's negligence included his failure to follow established policies and procedures of the CITY with the information known to him and his exercising police authority outside his proper jurisdiction.

30. POLICEMAN's negligent investigation and decision-making was the legal and proximate cause of GAVINS' injuries and damages.

31. CITY is vicariously liable for POLICEMAN'S negligent acts committed in the course and scope of employment.

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: 305-445-0011 • Fax: 305-445-1181 • Email: info@silvasilva.com
www.silvasilva.com

32. As a direct and proximate result of said negligence, GAVINS suffered damages including bodily injury and resulting pain and suffering, disfigurement, mental anguish, shock and fear of imminent violent death, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, which losses are in whole or in part permanent and continuing in nature and plaintiff will suffer future damages as a result.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against CITY and award damages plus cost of suit.

## COUNT IV – 42 U.S.C. §1983 CAUSE OF ACTION AGAINST CITY

33. Plaintiff re-alleges the General Allegations in paragraphs 1 through 17 and alleges further:

34. At all times relevant, POLICEMAN owned, possessed or had a firearm on his person that was given to him or sanctioned by CITY.

35. At all times relevant, POLICEMAN had a duty and authority to use a deadly firearm carefully, reasonably, and in a manner that did not expose members of the public, like GAVINS, to serious bodily injury or death.

36. At all times relevant, the CITY had a duty to properly train POLICEMAN on (i) how to safely handle a firearm, (ii) when and under what circumstances to discharge a firearm, (iii) the exercise of reasonable force, (iv) how to safely and reasonably effectuate a stop and arrest within constitutional limits and without unreasonably exposing others to the risk of death or serious bodily harm, (v) how to otherwise reasonably and safely discharge his duties as an armed police officer, and (vi) how to investigate a possible violation of the law.

37. CITY failed to properly train POLICEMAN in the foregoing areas.

38. CITY'S failure to properly train POLICEMAN made it likely that POLICEMAN posed a threat to the public at large and that he was unfit to possess a firearm and could not safely conduct a traffic stop or arrest.

Page 5 of 9

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: 305-445-0011 • Fax: 305-445-1181 • Email: info@silvasilva.com
www.silvasilva.com

39. At all times relevant, the CITY had the duty to hire mentally, physically, and emotionally fit and competent individuals to serve in its police department and, to that end, to conduct a reasonably comprehensive background screening check on POLICEMAN to determine if he was fit to serve in the CITY'S police force.

40. Likewise, at all times relevant, the CITY had a duty to hire only those individuals who were fit to serve as armed police officers; namely, individuals without a history of or propensity for violence, who did not exhibit or manifest emotional, mental, chemical or psychiatric imbalance or infirmity exposing others in the foreseeable zone of risk, like GAVINS, to hazards, injury or death.

41. CITY failed to make an appropriate and diligent investigation of POLICEMAN and upon information and belief, the hiring and retention standards of the CITY ignore information that would put the CITY on notice that POLICEMAN was unfit to be armed and should not have been allowed by CITY to carry a weapon without the supervision of a more seasoned, experienced partner. This is especially true, here, where POLICEMAN had a history of racial profiling and of improper exhibition/use of a firearm while on duty.

42. Alternatively, after completing a reasonable background check, CITY negligently chose to hire and retain POLICEMAN, who the CITY knew had either marginal mental fitness and mild to moderate psychological and emotional deficits or had an unreasonable propensity for improper and excessive use of force.

43. It was foreseeable to the CITY and likely that POLICEMAN would negligently or intentionally injure someone and fail to follow the practice and procedures promulgated by the CITY.

44. It was foreseeable to the CITY, and likely, that, POLICEMAN would use excessive force when it was not warranted.

45. After the CITY knew or should have known POLICEMAN was unfit or incompetent to patrol the streets, the CITY failed to adequately supervise POLICEMAN.

Page 6 of 9

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: 305-443-0011 • Fax: 305-443-1181 • e-mail: info@silvasilva.com
www.silvasilva.com

46. POLICEMAN's shooting of GAVINS violated GAVINS' rights under the United States Constitution because the shooting was an illegal seizure in violation of the Fourth and Fourteenth Amendments.

47. The CITY's customs and procedures related to hiring, training, and supervision subjected GAVINS, or caused GAVINS to be subjected, to the deprivation of his Fourth and Fourteenth Amendment rights.

48. Additionally, POLICEMAN's constitutionally volatile conduct was ratified by his supervisors who, as a result of POLICEMAN shooting GAVINS, did not punish, discipline, or give additional training or mental health treatment, to POLICEMAN, but instead, allowed POLICEMAN to keep a firearm and be put back on active patrol.

49. Specifically, the CITY'S custom and practice of hiring for employment as armed police officer's individuals who are marginally mentally fit with psychological deficiencies and/or who have a history of racial profiling and improper use of a firearm caused the shooting of GAVINS.

50. As a result of the foregoing, GAVINS suffered damages including bodily injury and resulting pain and suffering, disfigurement, mental anguish, shock and fear of imminent violent death, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, which losses are in whole or in part permanent and continuing in nature and plaintiff will suffer future damages as a result.

51. Plaintiff has had to hire the undersigned counsel to represent him in this matter and is obligated to pay the same a reasonable fee.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant CITY, award damages, reasonable attorney's fees, plus costs of suit.

## COUNT V – 42 U.S.C. §1983 CAUSE OF ACTION AGAINST POLICEMAN

52. Plaintiff re-alleges the General Allegations in paragraphs 1 through 17 and alleges further:

Page 7 of 9

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: 305-443-0011 • Fax: 305-443-1181 • Email: info@silvasilva.com
www.silvasilva.com

53. POLICEMAN shot GAVINS without just and legal cause, thereby violating GAVINS' rights under the laws and Constitution of the United States, in particular the Fourth, Fifth and Fourteenth Amendments and his rights under the Florida Constitution.

54. In shooting GAVINS, POLICEMAN violated the rules and regulations of the South Miami Police Department regarding the use of excessive force.

55. As a direct and proximate result of the above described unlawful and malicious acts of POLICEMAN, all committed under color of his authority as a South Miami Police Officer and while in that capacity, GAVINS suffered damages including bodily injury and resulting pain and suffering, disfigurement, mental anguish, shock and fear of imminent violent death; loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, which losses are in whole or in part permanent and continuing in nature and plaintiff will suffer future damages as a result.

56. All of the foregoing was in was in violation of GAVINS' rights under the Fourth, Fifth, Eighth and Fourteen Amendments to the United States Constitution and 42 U.S.C. section 1983.

57. Plaintiff was the victim of punishment administered in a grossly disproportionate manner to whatever his acts may have been, constituted cruel and unusual punishment, and deprived him of the right to due process of law under the laws and Constitution of the United States, in particular the Fourth, Fifth, Eighth and Fourteenth Amendments. POLICEMAN's shooting of plaintiff was unwarranted, cruel, unjustifiable and excessive.

58. Plaintiff has had to hire the undersigned to represent him in this action and is obligated to pay the same a reasonable fee.

   **WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant POLICEMAN, award damages, reasonable attorney's fees, plus costs of suit.

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: 305-445-0011 • Fax: 305-445-1181 • Email: info@silvasilva.com
www.silvasilva.com

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by Jury on all counts and issues triable by jury as a matter of right.

Dated: August 5, 2016.

                        SILVA & SILVA, P.A.
                        *Counsel for the Plaintiff*
                        236 Valencia Avenue
                        Coral Gables, Florida 33134
                        Telephone: (305) 445-0011
                        Telecopier: (305) 445-1181
                        Email: playne@silvasilva.com

By: _____
       PAUL JON LAYNE, ESQ.
       Florida Bar No. 23558

Page 9 of 9

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: 305-445-0011 • Fax: 305-445-1181 • Email: info@silvasilva.com
www.silvasilva.com

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE CITY, FLORIDA

CIVIL DIVISION

CASE NO. 2016-020272 CA 21

MICHAEL JEROME GAVINS,

    Plaintiff,

vs.

ARYO REZAIE; and
CITY OF SOUTH MIAMI, a municipal corporation;

    Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint, Plaintiff's First Request for Production, and Plaintiff's First Set of Interrogatories, in this lawsuit on the above named Defendants by serving:

    City of South Miami,
    c/o Mayor Philip K. Stoddard
    City of South Miami - City Hall
    6130 Sunset Drive
    South Miami, FL 33143

A lawsuit has been filed against you. You have 30 calendar days after this summons is served on you to file a written response to the attached Complaint, and 45 days to respond to the First Request for Production, and First Set of Interrogatories in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, located at: Dade County Courthouse, 73 West Flagler Street, Miami, Florida, 33130; you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney": Paul Jon Layne, Esquire, SILVA & SILVA, P.A., 236 Valencia Avenue, Coral Gables, Florida 33134, Telephone: (305) 445-0011.

DATED ON _____ OCT 0 1 2016.

                            CLERK OF THE CIRCUIT COURT

                            BY: _____
                                Deputy Clerk

(Seal)