UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-24845-Civ-COOKE/TORRES

MICHAEL JEROME GAVINS,

       Plaintiff,

v.

ARYO REZAIE, and the CITY OF
SOUTH MIAMI, a municipal corporation;

       Defendants.
_____/

**ORDER ON DEFENDANT'S EMERGENCY MOTION TO STRIKE PLAINTIFF'S NOTICES OF DEPOSITION AND SUBPOENAS SERVED ON JULY 14, 2017, AND MOTION FOR PROTECTIVE ORDER**

This matter is before the Court on the City of South Miami's (the "City") Emergency Motion to Strike Michael Jerome Gavin's ("Plaintiff") Notices of Deposition and Subpoenas Served on July 14, 2017, and a Motion for Protective Order ("Motions"). [D.E. 33]. Plaintiff responded to the City's Motions on July 17, 2017. [D.E. 36]. Therefore, the City's Motions are now ripe for disposition. After careful consideration of the Motions, response, relevant authority, and for the reasons discussed below, the City's Motions are **GRANTED**.

*I.    ANALYSIS*

The City's Motions seek to strike Plaintiff's four Notices of Deposition and Subpoenas for Deposition served on July 14, 2017, and for a Protective Order barring Plaintiff from deposing four witnesses on the noticed dates of July 18, 2017

1

and July 20, 2017. The basis for the City's Motions is that (1) Plaintiff has allegedly exceeded his ten permitted depositions in this matter and has not sought leave to take additional depositions as required by Fed. R. Civ. P. 30(a)(2), (2) Plaintiff violated the Local Rules by not providing the potential witnesses the required amount of notice before the deposition, and (3) the depositions of City of South Miami Mayor Phillip Stoddard and City of South Miami Chief of Police Rene Landa are purportedly precluded by the apex doctrine. *See Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 2010 WL 3003914, at *1 (S.D. Fla. July 29, 2010) ("Although a party is presumptively limited to only ten depositions under Rule 30, a party can exceed this limit with the consent of the other party or with leave of court.") (citing FED. R. CIV. P. 30(a)(2)(A)(i)).

On Friday, July 14, 2017 at approximately 6 p.m., Plaintiff served the City with notices of taking depositions – with the corresponding subpoenas – set for July 18th and July 20th of Chief Rene Landa, Officer Christopher Johnson, Mayor Phillip Stoddard, and Assistant Chief Louis Fata. However, before July 14th, Plaintiff allegedly noticed and took eleven depositions in this action. [DE. 33-5]. Because Plaintiff has purportedly (1) violated Rule 30, (2) exceeded the limit of depositions allowed in this case, and (3) failed to seek leave of Court for the necessity of four additional depositions during the last remaining week before the

2

fact discovery deadline[1], the City argues that the notices of deposition and subpoenas must be stricken.

The City also contends that the four witnesses that Plaintiff seeks to depose have not been sued in their individual capacities and that they must be subject to a subpoena in order to be deposed. Yet, the City suggests that it never agreed to accept service of the subpoenas directed to these witnesses. Putting aside that problem, the City argues that Plaintiff's attempts to subpoena the four witnesses on Friday, July 14th gave Mayor Stoddard, Chief Landa, and Officer Johnson less than four calendar days (less than two business days) notice in advance of their depositions. Assistant Chief Fata was afforded less than six calendar days (less than four business days) notice in advance of his deposition. As such, these depositions allegedly run afoul of Local Rule 26.1(h), which requires that a non-party deponent be given at least seven days' notice in writing of his or her deposition. *See* Local Rule 26.1(h) ("[A] party desiring to take the deposition within the State of Florida of any person upon oral examination shall give at least seven (7) days' notice in writing to every other party to the action and to the deponent (if the deposition is not of a party)").

In sum, the City argues that its Motions should be granted because Plaintiff (1) violated the Federal Rules (by exceeding the ten deposition limit) and Local

---

[1] Fact discovery in this case was originally scheduled to be completed by June 30, 2017. However, the Court extended that deadline to July 21, 2017 and ruled that dispositive motions shall be due on or before July 29, 2017. [D.E. 32]. All other deadlines set forth in the Court's initial Order Setting the Civil Trial Date and Pretrial Deadlines [D.E. 18] remain unchanged. [D.E. 32].

Rules (by not affording the deponents the required amount of notice) in attempting to schedule the depositions of four witnesses, (2) made no showing as to why the apex doctrine does not apply, and (3) improperly served the subpoenas on the City when it never agreed to accept service on behalf of the four non-parties Plaintiff seeks to depose.

In response, Plaintiff argues that the City's Motions lack merit because the Court has the discretion to order the depositions to proceed. Plaintiff suggests that all of the four witnesses are relevant to the facts of this case and that none of the depositions requested run afoul of the apex doctrine because the depositions would merely constitute a fact witness deposition – not an apex doctrine deposition. Plaintiff also requests that Officer Rezaie's psychological evaluation, that was part of his hiring process to become a police officer, be produced because it is purportedly relevant and discoverable. Plaintiff contends that he is willing to stipulate to the confidentiality of the psychological evaluation and agrees not to publish any information outside the contours of this case. As such, Plaintiff requests that (1) the City's Motions be denied, (2) that the depositions be compelled and allowed to proceed with the limitation of 2.5 hours each, and (3) that his counter-motion to compel Officer Rezaie's psychological evaluation be granted.

After full consideration of the arguments presented, we find that the Plaintiff has completely failed to rebut the arguments presented in the City's Motions. First, Plaintiff never rebuts the contention that he violated Fed. R. Civ. P. 30 and exceeded the ten deposition limit in this action. And, no good cause has been shown

why this Rule should not apply here. Second, Plaintiff never addresses the allegation that he violated the Local Rule when failing to afford the four witnesses the required amount of notice before their scheduled depositions. Third, Plaintiff fails to argue how service of the subpoenas on the City constitutes proper service on four non-parties. Fourth, Plaintiff's arguments concerning the apex doctrine fall flat because he merely argues that the depositions are relevant, not harassing, and should be permitted. Plaintiff noticeably fails to cite any cases in support of these conclusory assertions. Plaintiff's contention that the apex doctrine does not apply is equally problematic with respect to the distinction that the witnesses are fact witnesses and therefore somehow fall outside the apex doctrine. Plaintiff never explains what he means by this distinction, and as stated earlier, never supports this argument with any authority. Because Plaintiff's response fails in several ways, lacks the requisite factual and legal support, and never addresses any of the arguments presented in the City's Motion, we find that the City's Motions must be **GRANTED**.[2]

## II. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the City's Emergency Motion to Strike Michael Jerome Gavin's Notices of Deposition and Subpoenas Served on July 14, 2017, and the City's Motion for Protective Order are **GRANTED**.

---

[2] As for Plaintiff's counter-motion to compel Officer Rezaie's psychological evaluation, Plaintiff's Motion is deferred pending a response from the City. The City shall respond by no later than July 20, 2017.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of July, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge