UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-24845-Civ-COOKE/TORRES

MICHAEL JEROME GAVINS,

      Plaintiff,

v.

ARYO REZAIE, and the CITY OF
SOUTH MIAMI, a municipal corporation;

      Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

This matter is before the Court on Michael Jerome Gavin's ("Plaintiff") Motion to Compel ("Motion") the psychological evaluation of Aryo Rezaie ("Defendant"). [D.E. 38]. Defendant responded to Plaintiff's Motions on July 20, 2017 [D.E. 43] to which Plaintiff replied on July 27, 2017. [D.E. 54]. Therefore, Plaintiff's Motion is now ripe for disposition. After careful consideration of the Motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's Motion is **DENIED**.

### I.    ANALYSIS

Plaintiff's Motion seeks to compel the production of Defendant's psychological evaluation that was part of his hiring process when he became a police officer. Specifically, Defendant had a pre-employment evaluation with Dr. Brian Mangan prior to being hired and the meeting between the two supposedly lasted no more

1

than ten minutes. Plaintiff argues that he is willing to stipulate to the confidentiality of the evaluation and agrees not to use it in any way outside the contours of this case. As support for the production of the psychological evaluation, Plaintiff contends that the claims against the Defendant are intricately related to the officer's conduct on the date Plaintiff was shot by the police. In other words, Plaintiff suggests that the evaluation is relevant because it relates to whether the Defendant was "fit" for duty, prone to use excessive force, and whether the City of South Miami (the "City") knew about these issues. Because Defendant has allegedly refused to produce this evaluation, Plaintiff moves to compel its production because the claims against the City include its conduct as to this officer not only in connection with the shooting specifically, but also in the City's hiring and retention of the Defendant.

In response, Defendant argues that Plaintiff's Motion fails for several reasons. First, Defendant contends that he does not have a copy of the evaluation in his possession and that he has always believed that its contents would remain confidential. Second, Defendant suggests that the evaluation is protected by the psychotherapist-patient privilege and is undiscoverable in this action. Third, Defendant believes that the evaluation is also privileged under the executive/governmental privilege, and that the balancing of the equities under the *Frankenhauser* test disfavors the disclosure of psychological evaluations in connection with law enforcement officers. And fourth, Defendant argues that Plaintiff never conferred with Defendant as it pertains to Plaintiff's Motion. While

2

Defendant concedes that Plaintiff previously requested Defendant's psychological evaluation, Plaintiff allegedly never sent Defendant a copy of the Motion before filing it and failed to advise Defendant that he would seek a motion to compel. As such, Defendant suggests that Plaintiff knew of Defendant's objections to producing the psychological evaluation for many months and that Plaintiff never sought court intervention until the discovery period lapsed. Because Plaintiff purportedly violated Local Rule 7.1(a), and failed to make reasonable efforts to confer with all parties for the relief sought in a good faith effort, Defendant suggests that Plaintiff's Motion can be denied on this basis alone.

In *Jaffee v. Redmond*, the U.S. Supreme Court first recognized the existence of a psychotherapist-patient privilege and held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." 518 U.S. 1, 15 (1996) (footnote omitted). In a footnote, the Court explained that – like other testimonial privileges – the patient may waive its protection, yet the Court did not specify the "full contours" or delineate what conditions must be met for a waiver to occur. *Id*. at 17. Instead, the Court reserved that question for another day because the Court did not think it would be neither feasible nor appropriate to consider the full scope of the psychotherapist-patient privilege to govern all future conceivable questions. The Court also rejected a proposed balancing of the need for the information against the need for confidentiality as a test for determining whether the privileged applied.

Since *Jaffe*, federal courts have expanded on the psychotherapist-patient privilege and largely held that mental health records are protected from discovery unless the patient had no reasonable expectation that the communications would remain private. *See, e.g., Scott v. Edinburg,* 101 F. Supp. 2d 1017, 1020 (N.D.Ill.2000) (concluding that no psychotherapist-patient privilege existed because prior to the evaluation, the police officer was informed that the evaluation and testing results would be reviewed by the police chief and the psychologist's written report could be subpoenaed in a lawsuit); *Kamper v. Gray* 182 F.R.D. 597, 599 (E.D. Mo. 1998) (rejecting the existence of a psychotherapist patient privilege because the police officer was aware that his mental health evaluations would be reported to his employer, and thus he "had no reasonable expectation of confidentiality regarding his communications with [the therapist]"). As such, "[t]he determinative factor assessing the existence of a psychotherapist-patient privilege is whether an officer had a reasonable expectation of confidentiality relating to the . . . counseling session or evaluation." *James v. Harris Co.,* 237 F.R.D. 606, 611-12 (S.D. Tex. 2006).

Here, the parties agree that the purpose of Defendant's pre-employment psychological evaluation was to determine whether the Defendant would be "fit" for duty as a police officer.[1] And Plaintiff presents no contention to challenge Defendant's argument that Defendant did not intend to have his psychological health disclosed to anyone other than the psychotherapist who administered the evaluation. The most analogous case to the facts presented is the decision in *Caver*

---

[1] Because Defendant was hired by the City, Defendant was obviously found to be "fit" for employment as a law enforcement officer.

*v. City of Trenton*, 192 F.R.D. 154, 163 (D.N.J. 2000). In *Caver*, the court held that the critical issue on whether a privilege applied was an officer's expectation of confidentiality. Specifically, the court reasoned that pre-employment psychological evaluations for law enforcement almost always carry an absolute expectation of privacy and that the production of these items are detrimental to the public good:

> The Court finds that disclosure here would be detrimental to the public good. Police Officers are required to undergo psychological evaluations in order to determine whether they are mentally fit to be police officers. This testing is performed not only to benefit the officer's mental well-being, but more importantly, to ensure the safety of the community by protecting its citizens from police officers whose mental instability poses a risk to public safety. If police officers know that their psychological records may be disclosed to the public, there exists a likelihood that they would not be completely candid when speaking to a mental health professional. This lack of candor would, in turn, defeat the purpose for psychological evaluations, which is, determining mental fitness for the job. The Court recognizes that the public has an interest in knowing whether their police are mentally fit for the job, but disclosure of actual psychological records is not necessary and would have a chilling effect on frankness between patient and psychologist. If police officers are not completely honest when speaking to a mental health professional, it will make it more difficult for the mental health professional to accurately evaluate the mental status of a police officer, and to ensure public safety.

*Caver*, 192 F.R.D. at 163.

The same reasoning applies here. Plaintiff has failed to present any evidence to suggest that Defendant did not have a reasonable expectation of privacy to overcome the psychotherapist-patient privilege for a pre-employment psychological evaluation. Plaintiff has also failed to explain why a routine pre-employment evaluation that merely determines whether an officer is "fit" for duty as a law enforcement officer is materially relevant to the facts of this case. Because we find

5

that Defendant had a reasonable expectation of privacy, Plaintiff's Motion fails on this basis alone. As such, we need not explore the rest of Defendant's arguments and therefore Plaintiff's Motion must be **DENIED**.

## II. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of July, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge